IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Henry Joseph Snelgrove, | ) | Civil Action No.   8:14-cv-04440-JMC-JDA |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for a Report and Recommendation pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., and 28 U.S.C. § 636(b)(1)(B).[1]  Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claim for disability insurance benefits ("DIB").  For the reasons set forth below, it is recommended that the decision of the Commissioner be reversed and remanded for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

**PROCEDURAL HISTORY**

On October 17, 2011, Plaintiff filed an application for DIB, alleging an onset of disability date of July 3, 2011.   [R. 125–28.]  The claim was denied initially and on reconsideration by the Social Security Administration ("the Administration"). [R. 76–79; 81–82.]  Plaintiff requested a hearing before an administrative law judge ("ALJ"), and on

---

[1]A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

April 25, 2013, ALJ Robert C. Allen conducted a de novo hearing on Plaintiff's claim. [R. 22–51.] At the hearing, Plaintiff amended his alleged onset date to February 3, 2012. [R. 28.]

The ALJ issued a decision on June 27, 2013, finding Plaintiff not disabled. [R. 13–21.] At Step 1,[2] the ALJ found Plaintiff met the insured status requirements of the Social Security Act ("the Act") through December 31, 2016, and had not engaged in substantial gainful activity since February 3, 2012, the amended alleged onset date. [R. 15, Findings 1 & 2.] At Step 2, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease and disc herniation at L4-5; status post bilateral L4-L5 partial hemilaminectomy and discectomy. [R. 15, Finding 3.] The ALJ also found Plaintiff had the following non-severe impairments: high blood pressure, high cholesterol, restless leg syndrome, sleep apnea, and anxiety. [R. 15–16.] At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 16, Finding 4.]

Before addressing Step 4, Plaintiff's ability to perform his past relevant work, the ALJ found Plaintiff retained the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with restrictions of no climbing ladders, ropes, or scaffolds; occasional climbing ramps/stairs; and occasional balancing, stooping, kneeling, crouching, and crawling.

---

[2]The five-step sequential analysis used to evaluate disability claims is discussed in the Applicable Law section, *infra*.

[R. 16, Finding 5.]  Based on this RFC finding, the ALJ determined at Step 4 that Plaintiff could perform his past relevant work as a stereo assembler.  [R. 20, Finding 6].  On this basis, the ALJ found Plaintiff had not been under a disability as defined by the Act from February 3, 2012, through the date of the decision.  [R. 21, Finding 7.]

Plaintiff requested Appeals Council review of the ALJ's decision, but the Council declined.  [R. 1–5. ]  Plaintiff filed this action for judicial review on November 17, 2014. [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the ALJ's decision is not supported by substantial evidence and that remand is necessary because the ALJ failed to conduct a proper listing analysis taking into consideration the combination of Plaintiff's severe and non-severe impairments, and failed to consider the severe and non-severe impairments in combination when determining whether Plaintiff could perform gainful employment; failed to properly evaluate Plaintiff's statements about his pain; and erred in finding Plaintiff could perform his past relevant work.  [Doc. 9; Doc. 13.]

The Commissioner, on the other hand, contends the ALJ's decision is supported by substantial evidence in that Plaintiff failed to establish that his impairments met the criteria of any of the listed impairments; substantial evidence supports the RFC determination; the ALJ properly determined Plaintiff's subjective complaints of disabling symptoms and limitations were not credible; and the ALJ properly relied on the vocational expert, who testified based on a hypothetical including all of the elements of the RFC that Plaintiff was capable of performing his past relevant work as a stereo assembler.  [Doc. 11.]

3

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963))("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment

4

for that of the Commissioner so long as the decision is supported by substantial evidence. *See Bird v. Comm'r*, 699 F.3d 337, 340 (4th Cir. 2012); *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'" *Vitek  v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual

functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled).   Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation. *See Radford v. Comm'r*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence).   On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.   *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand.").   After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction.   *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g).   A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the

6

determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[3]  With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98.  The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

---

[3]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence.  *See, e.g.*, *Brooks v. Astrue*, No. 6:10-cv-152, 2010 WL 5478648, at *8 (D.S.C. Nov. 23, 2010); *Ashton v. Astrue*, No. TMD 09-1107, 2010 WL 3199345, at *3 (D. Md. Aug. 12, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992).  Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect.  *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990).  Accordingly, the Court will apply the more stringent *Borders* inquiry.

7

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability. 42 U.S.C. § 423(a). "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.     The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims). The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. § 404.1520. Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). The claimant must prove disability on or before the last day of her insured status to receive disability benefits. *Everett v. Sec'y of Health, Educ. &*

8

*Welfare*, 412 F.2d 842, 843 (4th Cir. 1969).  If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience.  *Grant*, 699 F.2d at 191.  If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. § 404.1572(a)—and gainful—done for pay or profit, whether or not a profit is realized, *id.* § 404.1572(b).  If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity.  *Id.* §§ 404.1574–.1575.

### B.    *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities.  *See id.* § 404.1521.  When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments.  42 U.S.C. § 423(d)(2)(B).  The ALJ must evaluate a disability claimant as a whole person and not in the abstract, having several hypothetical and isolated illnesses.  *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the

9

[Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them"). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *Id.* at 50 ("As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments."). If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B).

### C.     *Meets or Equals an Impairment Listed in the Listings of Impairments*

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. § 404.1509, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d).

### D.     *Past Relevant Work*

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant." *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995). At this step of the evaluation, the ALJ compares the claimant's residual functional capacity[4] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work. 20 C.F.R. § 404.1560(b).

---

[4]Residual functional capacity is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a).

E.     *Other Work*

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992); 20 C.F.R. § 404.1520(f)–(g).   To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").   Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[5]   20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *see also Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving exertional limitations).   When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931. In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to perform other work.  20 C.F.R. § 404.1569a; *see Walker*, 889 F.2d at 49–50 ("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the [Commissioner] to prove by expert vocational testimony that despite the combination of

---

[5]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs.  20 C.F.R. § 404.1569a(a).  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.* Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  § 404.1569a(c)(1).

11

exertional and nonexertional impairments, the claimant retains the ability to perform specific jobs which exist in the national economy."). The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." *Walker*, 889 F.2d at 50. For the vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (citations omitted).

## II.    Developing the Record

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ is required to inquire fully into each relevant issue. *Snyder*, 307 F.2d at 520. The performance of this duty is particularly important when a claimant appears without counsel. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980). In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal quotations and citations omitted).

## III.    Treating Physicians

If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(c)(2); *see Mastro v. Apfel*, 270

F.3d 171, 178 (4th Cir. 2001). The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, *Craig*, 76 F.3d at 590, but the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion, 20 C.F.R. § 404.1527(c). Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. § 404.1527(c)(2). An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986). Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a

13

claimant is disabled. 20 C.F.R. § 404.1527(d). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id.*

## IV.  Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 404.1517; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986). The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability. 20 C.F.R. § 404.1517. Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. *Id.*

## V.  Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion). First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree,

14

alleged by the claimant.'"  *Id.* (quoting *Craig*, 76 F.3d at 594).  Second, "if, and only if, the

ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as

a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged

pain."  *Id.* (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the "pain rule" applicable within the United States Court of Appeals for the

Fourth Circuit, it is well established that "subjective complaints of pain and physical

discomfort could give rise to a finding of total disability, even when those complaints [a]re

not supported fully by objective observable signs."  *Coffman v. Bowen*, 829 F.2d 514, 518

(4th Cir. 1987) (citing *Hicks v. Heckler*, 756 F.2d 1022, 1023 (4th Cir. 1985)).  The ALJ

must consider all of a claimant's statements about his symptoms, including pain, and

determine the extent to which the symptoms can reasonably be accepted as consistent

with the objective medical evidence.  20 C.F.R. § 404.1528.  Indeed, the Fourth Circuit has

rejected a rule which would require the claimant to demonstrate objective evidence of the

pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the

Commissioner to promulgate and distribute to all administrative law judges within the circuit

a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v.

Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990).  The Commissioner thereafter issued the

following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth
> Circuit (North Carolina, South Carolina, Maryland, Virginia and
> West Virginia), Social Security Ruling (SSR) 88-13, Titles II
> and XVI: Evaluation of Pain and Other Symptoms:
> ...

15

> **FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered. Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990). SSR 90-1p has since been superseded by SSR 96-7p, which is consistent with SSR 90-1p. *See* SSR 96-7p, 61 Fed. Reg. 34,483-01 (July 2, 1996). SSR 96-7p provides, "If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." *Id.* at 34,485; *see also* 20 C.F.R. § 404.1529(c)(1)–(c)(2) (outlining evaluation of pain).

## VI.    Credibility

The ALJ must make a credibility determination based upon all the evidence in the record. Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such

16

determinations should not be sustained if they are based on improper criteria. *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor.  But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**Listing Analysis**

Plaintiff argues that, "[w]hile the ALJ did properly find that Plaintiff's degenerative disc disease and disc herniation were severe impairments, he did not properly examine Plaintiff's other impairments, specifically when viewing these in combination with his severe impairments."  [Doc. 9 at 3.] Plaintiff contends that his severe impairments in combination with his non-severe impairments preclude him from obtaining any gainful employment, and the ALJ erred by finding that Plaintiff's impairments did not meet or medically equal an impairment rule. [*Id*. at 2–3.]

The Commissioner argues, however, that the "burden of producing objective evidence proving that Plaintiff met the criteria set forth in any of the aforesaid listing sections rests on Plaintiff at all times," and "Plaintiff has failed to meet his burden of proving that he met all of the criteria of any of the listed impairments." [Doc. 11 at 10.] The Commissioner contends that Plaintiff did not produce evidence that he met any of the three applicable parts of Listing 1.04 (disorders of the spine).[6] [*Id*.] Further, the Commissioner

---

[6]The ALJ's decision did not mention Listing 1.04. [R. 16.] This Court cannot consider the Commissioner's post-hoc rationalization.  *See Golembiewski v. Barnhart*, 322 F.3d 912,

argues that because the ALJ said he considered Plaintiff's combination of impairments with respect to the Listings, then he did.[7]  [*Id*. at 12.]  And, substantial evidence supports the decision that Plaintiff was not disabled at Step 3.  [*Id*.]

Plaintiff replies that he did meet Listing 1.04(C), and he presented evidence to the ALJ that he had an inability to ambulate effectively. [Doc. 13.] Plaintiff also argues that, despite the ALJ's statement that he considered the combination of impairments, the ALJ did not sufficiently consider and explain his analysis. [*Id*.]  Thus, Plaintiff argues that substantial evidence does not support the ALJ's Step 3 finding. [*Id*.]

### *ALJ's Listing Analysis*

Prior to performing the listing analysis, the ALJ had determined at Step 2 that Plaintiff's severe impairments (degenerative disc disease and disc herniation at L4-5; status post bilateral L4-L5 partial hemilaminectomy and discectomy) imposed more than minimal functional limitations upon Plaintiff. [R. 15.] The ALJ also explained his findings that Plaintiff's high blood pressure, high cholesterol, restless leg syndrome, and sleep

---

915–16 (7th Cir. 2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."); *Steel v. Barnhart*, 290 F.3d 936 (7th Cir. 2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ.").

[7]In *Reid v. Commissioner*, 769 F.3d 861 (4th Cir. 2014), where the plaintiff contended the decision was not based on the entire record because several years of medical history was ignored, the Fourth Circuit explained that the Commissioner need not refer to every piece of evidence in the decision; if the Commissioner states the whole record was considered, we take her at her word absent evidence to the contrary.  The Court emphasized that Reid failed to point to any specific piece of evidence not considered by the Commissioner that might have changed the outcome.  *Id*.  In the instant case, the ALJ did have the duty to explain his analysis of the Listings.  Thus, this statement in *Reid* is not applicable to this case.

apnea were either effectively controlled by medication and/or effectively treated with CPAP with no evidence of significant related complications; and, thus, those were non-severe impairments. [*Id.*] The ALJ also determined that Plaintiff's anxiety was a non-severe impairment because it was well controlled by medication, and his anxiety produced no restriction of activities of daily living; no difficulties in maintaining social functioning; no more than mild difficulties in maintaining concentration, persistence or pace; and never produced repeated episodes of decompensation of extended duration. [R. 15–16.]

The ALJ then found at Step 3 that Plaintiff,

> does not have an impairment or combination of impairments that meets or equals any section of the Listing of Impairments. I carefully considered the criteria of the Listings applicable to the claimant's impairments and find his impairments, individually or in combination, do not meet or equal such criteria. The claimant does not have a mental impairment or combination of mental impairments meeting the "C" criteria for any section of the mental Listing of Impairments.

[R. 16.]

### *Discussion*

After a thorough review of the record and applicable law, the Court agrees with Plaintiff that the ALJ at Step 3 failed to adequately explain his evaluation of the Listings and the combined effects of Plaintiff's impairments. To determine whether a claimant's impairments meet or equal a listed impairment, the ALJ identifies the relevant listed impairments and compares the listing criteria with the evidence of the claimant's symptoms. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (stating that without identifying the relevant listings and comparing the claimant's symptoms to the listing

19

criteria, "it is simply impossible to tell whether there was substantial evidence to support the determination").

In *Walker v. Bowen*, the Fourth Circuit Court of Appeals remanded the plaintiff's claim because the ALJ failed to adequately consider and explain his evaluation of the combined effects of the impairments. *See Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989). There, the ALJ found that the plaintiff suffered from several ailments and noted the effect of each impairment separately, and the ALJ concluded that "the claimant did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Reg. No. 4." *Id*. at 49. The Court rejected this conclusion as inadequate because the ALJ neither analyzed nor explained his evaluation of the cumulative effect of the claimant's impairments. *Id*. at 49–50. As the Court noted, "Congress explicitly requires that 'the combined effect of all the individual's impairments' be considered, 'without regard to whether such impairment if considered separately' would be sufficiently severe." *Id*. (quoting 42 U.S.C. § 423(d)(2)(c) and *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir.1989)). The Court noted that "the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id*. (*citing Reichenbach v. Heckler*, 808 F.2d 309 (4th Cir.1985)).

Similarly, in *Reid v. Commissioner*, the Fourth Circuit Court of Appeals explained the ALJ's duty to adequately consider and explain a claimant's impairments in combination. *See Reid v. Comm'r*, 769 F.3d 861, 865 (4th Cir. 2014). The Court explained that the ALJ had meticulously described three severe impairments and considered whether the three impairments cumulatively would equal in severity a listed impairment. *Id*. The Court

quoted part of the ALJ's decision, pointing out that the ALJ had specifically mentioned the type of impairments (obesity, degenerative disc disease status post fusion, and mental health condition) and whether they affected the claimant's ability to ambulate or perform fine or gross motor movements. *Id*. The Court explained that, based on that analysis, the ALJ concluded that the claimant did not have a combination of impairments that met or medically equaled one of the listed impairments, and the ALJ's decision satisfied the Act's requirements and the guidance set forth in *Walker*. *Id*.

Judges in the District of South Carolina have reiterated the importance of the ALJ providing an adequate explanation of the evaluation of the combined effects of the impairments. In *Locke v. Colvin*, for instance, the Court stated with respect to Step 3 that the ALJ's:

> explanation must include more than a "generic declaration that '[t] he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.' " *Brown v. Astrue*, No. 11–cv–03245, 2013 WL 642189, at * 10 (D.S.C. Jan.31, 2013), *adopted by* 2013 WL 645958 (D.S.C. Feb. 21, 2013).

> In the present case, the A LJ determined at step three of the sequential evaluation process that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 16. This language precisely mirrors the language that was found wanting in *Brown*. As in *Brown* and *Walker*, the ALJ in this case failed to analyze the cumulative effects of Locke's severe impairments. Instead, he simply noted that each of Locke's severe impairments do not, by themselves, meet or equal the listed impairments. This explanation, and the conclusory statement that Locke's combination of impairments does not meet or equal the listed impairments, fails to meet the level of analysis required by *Walker* and its progeny. As a

result, the court cannot discern whether the ALJ's decision was
supported by substantial evidence. Remand is appropriate.

*Locke v. Colvin*, No. 6:12-cv-02751-DCN, 2014 WL 897342 (D.S.C. March 6, 2014).

Likewise, in *Alonzeau v. Astrue*, the Court noted:

Even if one could infer that the ALJ considered . . . the
cumulative effect of all of Plaintiffs impairments from the ALJ's
listing of various medical observations in his analysis of the
Plaintiff's RFC, the ALJ failed to adequately explain his
evaluation of any cumulative effects. As such, Plaintiffs claim
should be remanded to the Commissioner for proper
explanation of the ALJ's evaluation of the combined effect of
Plaintiff's impairments with respect to whether Plaintiff's
impairments meet a listing.

*Alonzeau v. Astrue*, C/A No. 0:06-2926-MBS-BM, 2008 WL 313786, at *3 (D.S.C. Feb. 1,

2008).

Here, this Court finds that the ALJ's analysis with respect to Step 3 was conclusory

in contrast to the ALJ's decision in *Reid*, and it did not comply with the Fourth Circuit's

guidance in *Walker*.  The ALJ's decision did not sufficiently explain Plaintiff's combination

of impairments or how they cumulatively failed to meet or medically equal a listed

impairment and did not explain which Listings were considered.  The ALJ summarily stated

that he "considered the criteria of the Listings applicable to the claimant's impairments and

find his impairments, individually or in combination, do not meet or equal such criteria," but

he failed to detail the basis for finding the Listing criteria were not met or to specify which

Listings.  For example, the ALJ did not refer to the spine disorder Listing.  Thus, this Court

finds the ALJ's statement was a conclusory or generic statement prohibited by *Locke*.

Because the ALJ's Step 3 analysis is lacking, the appropriate judicial review cannot be

had. *See Locke*, 2014 WL 897342, at *3–4. This Court cannot say whether substantial evidence supports the Commissioner's decision.

**Combination of Impairments**

As explained above, Plaintiff also challenges the ALJ's decision that he could perform gainful employment on the ground that the ALJ failed to sufficiently consider and analyze his severe and non-severe impairments in combination. This Court agrees. Even after Step 3, the ALJ did not sufficiently discuss Plaintiff's impairments in combination.

### *ALJ's RFC Determination*

After determining Plaintiff's severe and non-severe impairments at Step 2, the ALJ found Plaintiff retained the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with restrictions of no climbing ladders, ropes, or scaffolds; occasional climbing ramps/stairs; and occasional balancing, stooping, kneeling, crouching, and crawling.

[R. 16, Finding 5.]

### *Discussion*

The statutory and regulatory process for making disability determinations, as interpreted by the Fourth Circuit, requires the ALJ to consider and adequately explain his evaluation of the combined effect of the impairments in determining the claimant's disability status. *See Reid v. Comm'r*, 769 F.3d 861, 865 (4th Cir. 2014); *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989); *Rabon v. Astrue*, C/A No. 4:08-3442-GRA, 2010 WL 923857 (D.S.C. Mar.9, 2010) (requiring remand when ALJ did not consider severe and non-severe impairments in combination). Even if the claimant's impairment or impairments in and of

23

themselves are not "listed impairments," the Commissioner must also "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B) (2004). The ALJ must "consider the combined effect of a claimant's impairments and not fragmentize them." *Walker*, 889 F.2d at 50. "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id*.

The Commissioner's duty to consider the combined effect of Plaintiff's multiple impairments is not limited to one particular aspect of its review, but is to continue throughout the disability process in accordance with 20 C.F.R. § 404.1523 which provides as follows:

> *Multiple Impairments*. In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520).

*Id*.; *see also Fleming v. Barnhart*, 284 F. Supp. 2d 256, 270 (D.Md. 2003) ("The ALJ is required to assess the combined effect of a claimant's impairments throughout the five-step analytical process."). Courts in this district have found the ALJ's discussion and analysis adequate where a reading of the decision as a whole makes clear that the ALJ considered the combination of impairments. *See Brown v. Astrue*, C/A No. 0:10-1584-RBH, 2012 WL 3716792, at *6–7 (D.S.C. Aug. 28, 2012) (holding the decision as a whole makes

24

clear that the Commissioner considered the combined effect of a claimant's impairments); *Thornsberry v. Astrue*, C/A No. 4:08-4075-HMH-TER, 2010 WL 146483, at *5 (D.S.C. Jan.12, 2010) (finding "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of [the plaintiff's] impairments, his overall findings adequately evaluate the combined effect of [the plaintiff's] impairments.").

Here, however, the ALJ failed to consider—or, at least failed to articulate whether and how he considered—all of Plaintiff's impairments together throughout the five-step analytical process, thereby violating 20 C.F.R. § 404.1523. *See also Lemacks v. Astrue*, C/A No. 8:07-2438-RBH-BHH, 2008 WL 2510087, at *3–4 (D.S.C. May 29, 2008) (Most ALJ decisions profess to consider the combined effects of claimant's impairments, while actually analyzing each impairment separately. The ALJs may, in fact, be considering the combined effect, but analysis reflecting such consideration is seldom included. *Walker* requires adequate explanation and evaluation. In its absence, judicial review cannot be had.).

Upon review of the ALJ's RFC determination analysis, the Court notes that the ALJ in a cursory manner stated that he considered the combined effect of Plaintiff's severe and non-severe impairments when deciding the RFC. [R. 20.] However, that was the only reference to Plaintiff's non-severe impairments during the RFC analysis. Throughout the discussion, the ALJ merely considered the effect of Plaintiff's back impairments on his ability to perform work with no reference to Plaintiff's non-severe impairments, and the ALJ gave no consideration of the effect of Plaintiff's mild limitations in concentration, persistence or pace on his ability to perform any work. Absent from the ALJ's findings is

an explanation of his evaluation of the combined effect of the Plaintiff's severe and non-severe impairments.

The Court finds that because the ALJ did not adequately explain his evaluation of the combined effects of Plaintiff's severe and non-severe impairments with respect to the RFC determination, the appropriate judicial review cannot be had. The Court cannot say whether substantial evidence supports the Commissioner's decision. And, the matter should be remanded for full discussion by the ALJ of each of Plaintiff's impairments in combination throughout the sequential evaluation process. *See Aurand v. Astrue*, C/A No. 6:07-3968-HMH-WMC, 2009 WL 364389, at *3 (D.S.C. Feb. 12, 2009) (remanding for several reasons, including the ALJ had not discussed one of plaintiff's claimed impairments).

**Plaintiff's Remaining Claims of Error**

Because the Court finds that the ALJ failed to adequately explain his evaluation of the Listings and the combined effects of Plaintiff's severe and non-severe impairments throughout the sequential evaluation is sufficient reason to remand this matter to the ALJ, the Court declines to address Plaintiff's remaining allegations of error. The ALJ, however, should take into consideration Plaintiff's remaining challenges to his decision on remand.

<u>**CONCLUSION AND RECOMMENDATION**</u>

Based upon the foregoing, it is recommended that the decision of the Commissioner be REVERSED and REMANDED for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO RECOMMENDED.

November 18, 2015                    s/Jacquelyn D. Austin
Greenville, South Carolina            United States Magistrate Judge